November 20.

---

OUTWATER *vs.* MARSHALL.

The mere filing of a *bond to pay the costs of appeal* does not *per se* operate as a *stay of proceedings*, where a party to whom a *new trial* has been denied by a circuit judge, appeals from the decision of the judge to this court; or *order to stay* must be obtained, or the party in whose favor the verdict was rendered may proceed and perfect judgment.

So he may perfect his judgment after a new trial has been refused, if the circuit judge does not *continue* the order to stay.

Whether to stay the proceedings it is not necessary to file the *bond*, as well as to obtain an *order, quere.*

IN November, 1832, the plaintiff in this cause recovered a verdict against the defendant in an action of assumpsit for $175. A bill of exceptions or case was made, and the circuit judge, who tried the cause, in December 1832 granted an order to stay proceedings until the motion for a new trial should have been heard and decided by him, according to

December 4.

the provisions of the " act relating to the supreme and circuit courts." Laws of 1832, p. 188, &c. In February, 1834, the motion for a new trial was denied. On the *eighth* day of July, 1834, the *postea* and other papers were filed, and rule for judgment entered. On the *fifteenth* day of July, notice was given to the plaintiff's attorney that the defendant had appealed from the decision of the circuit judge, and given the bond required by the 4th and 7th sections of the act before referred to. The defendant considered this bond as a *stay of the proceedings* in the cause. The plaintiff's attorney did not so consider it, and accordingly perfected his judgment and issued execution, which it is the object of the present motion to set aside.

*By the Court*, SUTHERLAND, J. The question is whether the bond operated *per se* as a stay of proceedings. The first section of the act provides that where, in any personal action, any bill of exceptions shall be taken, demurrer to evidence put in, case made, or notice of motion for new trial on newly discovered evidence, *and the proceedings shall not be stayed*, the party in whose favor the verdict is rendered may perfect his judgment and issue execution ; but that the other party may proceed to obtain a hearing before the supreme court, in the manner provided by the act ; and if the judgment of the supreme court shall be in his favor, the verdict and subsequent proceedings may be set aside, and restitution ordered. And the 2d section provides that the cases mentioned in the 1st section shall first be heard before a circuit judge. The 4th section provides that either party may appeal from the decision of the circuit judge to the supreme court, but declares that no such cause shall be so brought before the supreme court, unless a bond with sufficient sureties, &c. shall be executed to the opposite party, in the manner and of the effect mentioned in the 7th section of the act, or *unless* he obtain an order from the circuit judge, or one of the justices of the supreme court, staying the proceedings in the suit. The bond prescribed by the 7th section is to be in the penalty of $200, conditioned simply that the party appealing shall pay all such costs as shall accrue and be adjudged against him upon such

appeal. The section then directs the bond to be filed in the office of one of the clerks of this court, and concludes with this provision: " and the proceedings shall not be stayed until such bond be filed and notice thereof given."

This act leaves to the unsuccessful party a right in all cases embraced within the act, to have his case reviewed by the circuit judge, and if dissatisfied with his decision, to carry it up to the supreme court. If the circuit judge thinks there is no ground for the *application of a new trial*, and refuses for that reason to grant an order to stay proceedings, the party obtaining the verdict perfects his judgment and issues his execution; but notwithstanding that, the circuit judge is bound to hear the case. If he decides against the application, the party may appeal to the supreme court by giving a bond conditioned to pay *all the costs of the appeal*, if the decision should be against him. Here the bond covers all the hazard to which the successful party is subjected—the costs of the appeal; for he has perfected and collected his judgment. If the appellant succeeds, he has restitution awarded him. This is one class of cases. The other is where the circuit judge grants the order to stay proceedings in the first *instance*. That of course stays the judgment; if he decides against the motion for a new trial, and continues the order to stay proceedings, the cause may go to the supreme court upon appeal, without the giving of security for costs; but if he refuse to continue the order, and none can be obtained from one of the justices of the supreme court, the cause then stands as though there never had been an order, and the party who obtained the verdict perfects his judgment and issues his execution; and if the other party wishes to appeal, he must give the bond directed by the act. This is the plain and obvious construction of the 1st and 4th sections, taken together. To entitle the party to appeal, he must, under the 4th section, *either* give a bond *or* obtain an order to stay proceedings; he must give the bond where the party has not been stayed, and has or might have perfected his judgment and issued his execution; and where he has been stayed for the purpose of a hearing before the circuit judge, he must, if his motion is denied, get

Outwater
v.
Marshall.

a new order, or the opposite party may perfect his judgment; but he may still appeal, upon giving the bond.

The only difficulty in the case grows out of the last clause of the 7th section. That section prescribes the form of the bond, and directs that it be filed in the office of one of the clerks of this court, and then contains this clause: "and the proceedings shall not be stayed until such bond be filed and notice thereof given." These terms are broad enough to overreach all the preceding provisions of the act, and to prohibit a stay of proceedings in any case, unless the bond is also given; and perhaps such was the intention of the legislature. The filing of the bond seems to be a part of the proceedings necessary to obtain an order to stay, &c.; but whether this be so or not, it by no means follows that the mere filing of the bond shall *per se* operate as a stay of proceedings. It is not a necessary inference from the terms used, although they would authorize such a conclusion if it was called for by the other provisions of the act, or was countenanced by them. It appears to me, however, that it is not. It would be introducing by construction a very great change in the previous practice, to hold that a party may in all cases stay the proceedings of his adversary, by simply giving security for the costs of the appeal, notwithstanding the appeal may be palpably frivolous and vexatious. I am persuaded this was not the intention of the legislature, and I think the act does not require such a construction.

The plaintiff's proceedings were therefore regular, and the motion to set them aside must be denied; but as the question is a new one and not free from difficulty, the motion is denied without costs.