MILLER vs. FRANKLIN.

On *appeal* from the decision of a circuit judge refusing a *new trial*, it is not necessary *both* to give a *bond* to pay the costs of the appeal, and obtain an *order to stay* proceedings, to entitle a party to the benefit of the appeal; either is sufficient.

IN this case a verdict was rendered for the plaintiff, subject to the opinion of the *circuit judge,* before whom the cause was tried; if he should determine that the plaintiff was entitled to recover, the verdict to stand, otherwise a verdict to be entered for the defendant—the right of *appeal* being reserved to each of the parties. The circuit judge decided, on the 3d July, 1835, that the verdict should stand, and denied the motion of the defendant for a *new trial,* with costs. At the *July term* a rule for judgment was entered, and notice thereof given to the defendant's attorney, who obtained an order from the circuit judge, *staying the proceedings* on the part of the plaintiff, on the ground that *an appeal* had been duly entered from the decision of the circuit judge. The plaintiff thereupon applied to the circuit judge to *vacate* his order to stay, on the ground that a *bond* to pay the costs of the appeal had not been filed, the plaintiff insisting that *without such bond* the defendant was not entitled to an order to stay. The circuit judge asked the advice of this court.

*By the Court,* SAVAGE, Ch. J. Before the act of April 18, 1832, no decision of this court, or of a circuit judge could be reviewed in the same court after judgment perfected. It was then absolutely necessary to obtain an order to stay proceedings, in order to move for a new trial. The act of 1832 made a change in this practice, and permitted such motions to be made, notwithstanding judgment and execution; and the first section provides for restitution by the supreme court, after a hearing, in the manner afterwards mentioned. That manner is prescribed in the fourth section. After the decision of

the circuit judge, the party dissatisfied may appeal, by doing one of two things : The bond must be executed as mentioned, *or* an order to stay must be obtained. Both are not necessary ; either is sufficient. Although a bond is given, judgment may be entered. If an order to stay is granted, judgment cannot be entered ; but if there can be no appeal without *both* an order and a bond, then there can be no judgment to set aside, according to the first section, for none can be entered. This is the view taken of the act in May, 1832. The fourth rule of that term provides that the party intending to appeal shall, within eight days, procure an order, &c., *or* file the bond required, and give notice, &c. ; and either party may thereafter notice such cause for argument. This was modified as to the *time* at the July term, 1835, but in no other respect ; and this corresponds with the decision in *Outwater* v. *Marshall*, 12 *Wendell*, 241. The very point of that decision was, that the bond alone was not a stay of itself, thereby construing the statute in the alternative, as to the right of appeal. The last clause in the 7th section of the act cannot be construed so as to enable a party to stay proceedings, by merely giving security for the costs ; and there is no reason why a party should give security when he has an order, unles the statute was positive.

The order, in this case, was regularly granted, and the motion to vacate should be denied.